UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| KOFI AJABU, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00257-JRS-DLP |
| | ) | |
| ERIC J. HOLCOMB, | ) | |
| ROBERT E. CARTER, JR., | ) | |
| KRISTINA M. BOX, | ) | |
| | ) | |
| Respondents. | ) | |

**Entry Dismissing Petition for a Writ of Habeas Corpus
and Directing Entry of Final Judgment**

Petitioner Kofi Ajabu, an inmate at the Wabash Valley Correctional Facility (Wabash Valley), filed an Emergency Petition for Writ of Habeas Corpus, Injunctive, and Declaratory Relief pursuant to 28 U.S.C. § 2241. Mr. Ajabu asserts that Wabash Valley creates an environment where contracting COVID-19 is inevitable because social distancing is impossible. Dkt. 1 at p. 2 and 12.  He states that he "seeks intervention from this Court in this matter of a life and death situation." Dkt. 1 at p. 4. Specially, he seeks relief from detention that violates his Eighth Amendment rights. He alleges that the respondents are aware that they are unable to control the spread of COVID-19 at Wabash Valley, yet they have failed to take effective action to protect prisoners or staff from further infection. Dkt. 1 at 20. Mr. Ajabu states that he seeks placement on home confinement until such time that there is a cure or vaccine for COVID-19. He also seeks costs, expenses and attorneys' fees.

The § 2241 petition is subject to preliminary review to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not

entitled to relief in the district court." Rule 4 of the *Rules Governing § 2254 Cases* (applicable to § 2241 petitions pursuant to Rule 1(b)); *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed. Rule 4. That is the case here.

A federal court may issue the writ of habeas corpus sought in this action only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "A necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his or her] custody violates the Constitution, laws, or treaties of the United States." *Rose v. Hodges,* 423 U.S. 19, 21 (1975).

Mr. Ajabu's petition must be dismissed because it does not state any claims that can be heard in a § 2241 petition. For the reasons explained below, Mr. Ajabu's arguments to the contrary are rejected.

## DISCUSSION

Mr. Ajabu argues that Section 2241(c)(3) allows this Court to order the release of a prisoner like Petitioner who is held in violation of his Eighth Amendment rights. 28 U.S.C. 2241(c)(3). In support he references *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973) ("It is clear, not only from the language of §§ 2241(c)(3) and 2254(a), but also from the common-law history of the writ, that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody."); *Peyton v. Rowe*, 391 U.S. 54, 67 (1968) (Section 2241(c)(3) can afford immediate release for claims other than those challenging the sentence itself); and *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1862-63 (2017) ("Indeed, the habeas remedy, if necessity required its use, would have provided a faster and more direct route to relief than a suit for money damages. A successful

2

habeas petition would have required officials to place respondents in less-restrictive conditions immediately[.]"). Dkt. 1 at p. 20-21.

In other words, Mr. Ajabu seeks to tack a traditional habeas remedy on to a prototypical conditions-of-confinement claim. So, the question is whether he may challenge his confinement conditions via a petition for a writ of habeas corpus. Another district court in this district that has considered this issue has answered no and this Court agrees. *Rexroat v. Holcomb,* 2:20-cv-250-JPH-MJD (S.D. Indiana 2020). Section 2241 cannot be used by state prisoners to obtain release from state prison to escape the conditions of confinement caused by the COVID-19 pandemic.

The statutory language of 28 U.S.C. § 2241(c)(3) addresses the legality of a prisoner's custody, not the conditions that a prisoner may experience while incarcerated. At its core, a habeas claim has two elements: (1) a challenge to the fact or duration of physical imprisonment, and (2) a request for a determination that the petitioner is entitled to immediate or a speedier release. *Preiser*, 411 U.S. at 500. "Thus, while the petition for writ of habeas corpus is the sole remedy for prisoners challenging the fact or duration of their imprisonment, whether it is available to contest the conditions of confinement is a question that the Supreme Court has expressly left open." *Archilla v. Witte*, No. 420CV00596RDPJHE, 2020 WL 2513648, at *12 (N.D. Ala. May 15, 2020) (internal quotations omitted) (citing *Gomez v. U.S.*, 899 F.2d 1124, 1126-27 (11th Cir. 1990); *Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973); *Bell v. Wolfish*, 441 U.S. 520, 527 n. 6 (1979)).

While the Supreme Court has "left open the question...." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1862-63 (2017); *see also Bell*, 441 U.S. 526 n.6 ("[W]e leave to another day the question of the propriety of using a writ of habeas corpus to obtain review of the conditions of

3

confinement."), this is not an open question in the Seventh Circuit. The Seventh Circuit has held that habeas corpus is not a permissible route for challenging prison conditions. *Robinson v. Sherrod,* 631 F.3d 839, 841 (7th Cir. Cir. 2011) (recognizing the court's "long-standing view that habeas corpus is not a permissible route for challenging prison conditions."). *See also Archilla,* No. 420CV00596RDPJHE, 2020 WL 2513648, at *12 (N.D. Ala. May 15, 2020) (discussing Eleventh Circuit law and finding that ICE detainees could not use a petition for a writ of habeas corpus to contest a prisoner's conditions of confinement during COVID-19 pandemic).

In addition, the correct vehicle for a state prisoner seeking relief from a state court conviction is 28 U.S.C. § 2254, which "is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). *See also Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000) ("[Section] 2254 [is] the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody…."). In addition, Mr. Ajabu is required to exhaust his available state court remedies before filing a federal habeas action and there is no indication that he has done so. *See* 28 U.S.C. § 2254(d)(2); *Money v. Pritzker*, ––– F.Supp.3d at ––––, No. 20-CV-2093, 2020 WL 1820660, at *20-21 (N.D. Ill. Apr. 10, 2020) (denying habeas relief based on COVID-19 conditions and finding that "Plaintiffs have not made a satisfactory showing that the state court system was not every bit as available as the federal courts, if not more so.").

For these reasons, Mr. Ajabu's § 2241 petition must be dismissed and his pending motions, dkts [2], [3], and [4], are **denied as moot.**

**IT IS SO ORDERED.**

Date: 5/21/2020

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

KOFI AJABU
955750
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838